UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-171-GWU

RANDALL VANOVER,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.


**INTRODUCTION**

The plaintiff filed his original application for Supplemental Security Income (SSI) benefits in 2002. After a period of reconsideration prompted by the undersigned's Memorandum Opinion and Order of March 9, 2005 (Tr. 221-6), and the consolidation of a subsequent SSI application (Tr. 284-8), the case is once again before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

1

Vanover

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of

2

Vanover

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

3

Vanover

symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a

claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987).  Further, a failure to seek treatment for a period of time may be a factor to be

4

Vanover

considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

5

Vanover

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

6

Vanover

"framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

On remand, a new ALJ found that the plaintiff had "severe" impairments consisting of degenerative disc disease and a "pain disorder with depression." (Tr. 173).  Nevertheless, based upon a series of hypothetical questions to a vocational expert (VE), which included such factors as a limitation to "light" level lifting with no more than "frequent" bending, squatting, crawling, climbing, and reaching above shoulder level, and a restriction from work requiring more than simple instructions and performing repetitive tasks in object focused settings with limited public contact, the ALJ found that there were a significant number of jobs existing in the economy which Mr. Vanover could perform.  (Tr. 208-11).  Therefore, he was found to be "not disabled."  (Tr. 175-8).

Vanover


The limitation of Mr. Vanover to "light" level exertion was generous in view of the fact that the only examining position to give an opinion regarding functional capacity, Consultative Examiner Elizabeth Ottney, concluded that he would be capable of lifting up to 100 pounds occasionally and 20 pounds continuously. (Tr. 238). The ALJ's hypothetical question was also consistent with the non-exertional restrictions found by Dr. Ottney. (Id.). The plaintiff does not raise any objections to the physical findings.

The only issue presented by the plaintiff on appeal concerns the hypothetical mental factors.

Although Mr. Vanover was prescribed antidepressant medications by family physicians and referred for mental health counseling (e.g. Tr. 257, 252), no functional restrictions were suggested, and the only mental status examination was performed by Psychologist Crystal Sahner in September, 2004 (Tr. 356). Dr. Sahner's diagnostic impression was of a "pain disorder due to psychological factors and a general medical condition" and a depressive disorder, with a Global Assessment of Functioning (GAF) score of 55. (Tr. 359). A GAF score of 55 reflects moderate symptoms. Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition-Text Revision), p. 34. Dr. Sahner opined that Mr. Vanover would have moderate limitations in his ability to tolerate distress and pressure of day-to-day work activity and sustaining attention and concentration for simple, repetitive tasks. (Tr.

8

Vanover

359).  "Moderate" was defined as "[T]here is moderate limitation in this area but the individual is still able to function satisfactorily."  (Id.).  Only "slight limitations" were noted in the areas of "understanding, remembering, and carrying out instructions towards the performance of simple, repetitive tasks" and in "capacity to respond appropriately to supervision, co-workers and work pressures in a work setting."  (Id.).

Mr. Vanover argues that the GAF score of 55 shows "moderate limitations in all categories."  Whatever may be said for this argument in other situations, in the present case the psychologist specifically stated that there would be only slight limitations in some specific areas, as described in the preceding paragraph.  The ALJ could reasonably have accepted the specific statements of the psychologist regarding functional capacity over the more general GAF score.

Mr. Vanover's other argument is that non-examining state agency psychologists who reviewed the record listed moderate limitations in a variety of additional categories, such as understanding, remembering, and carrying out detailed instructions, maintaining attention and concentration for extended periods, completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, interacting appropriately with the general public, accepting instructions and responding appropriately to criticism from supervisors, and setting realistic goals and making plans independently of others.

9

Vanover

(E.g., Tr. 394-5).   However, one of the ALJ's alternative hypothetical questions included these factors, and the VE responded that Mr. Vanover would actually have been able to return to his past relevant work given these mental restrictions.  (Tr. 209-10).  Consequently, this argument provides no basis for remand.

The administrative decision is supported by substantial evidence, and will be affirmed.

This the 9th day of February, 2007.


**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**